960 F.2d 156
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gus N. RODES, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 91-3571.
 United States Court of Appeals, Federal Circuit.
 March 12, 1992.
Rehearing Denied April 21, 1992.
 
 Before MICHEL, LOURIE and RADER, Circuit Judges.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 The Merit Systems Protection Board, Docket No. SE07529010313, dismissed Gus N. Rodes' appeal for lack of jurisdiction. Because Mr. Rodes voluntarily resigned his position with the Federal Aviation Administration, this court affirms.
 
 DISCUSSION
 
 2
 The Federal Aviation Administration employed Mr. Rodes as an electronic technician at the Kenai Sector Field Office in Alaska. On August 15, 1985, Mr. Rodes suffered an on-the-job injury which required him to take leave. He returned to light duty. In May 1987, Mr. Rodes suffered a second on-the-job injury which again required him to take leave until his return to light duty in October 1987. A panel of doctors examined Mr. Rodes to determine his eligibility for compensation from the Office of Workers' Compensation Programs. The medical panel concluded Mr. Rodes suffered from both work- and non-work-related back ailments. Mr. Rodes had contracted the non-work-related back ailment, degenerative lumbosacral spine disease, before his August 1985 injury.
 
 
 3
 As a result of Mr. Rodes' physical condition, the FAA determined he could no longer perform all of his essential duties. The FAA had no permanent position available in the Kenai area within Mr. Rodes' physical limitations. Therefore, the FAA offered Mr. Rodes a position as an electronic technician in Anchorage at the same grade level and pay. Mr. Rodes declined to accept the offered position and the FAA proposed his removal.
 
 
 4
 Instead, Mr. Rodes submitted an application for disability retirement which the Office of Personnel Management approved on October 17, 1988. Mr. Rodes officially retired from the FAA on March 29, 1989. Later the Office of Worker's Compensation notified Mr. Rodes that he no longer was entitled to compensation because he had recovered from his work-related injury. Mr. Rodes appealed to the MSPB contending his retirement was involuntary.
 
 
 5
 The MSPB may not entertain appeals from federal employees who voluntarily resign. Burgess v. Merit Sys. Protection Bd., 758 F.2d 641, 642 (Fed.Cir.1985). Mr. Rodes argues he had no alternative but to resign. However, the record shows that Mr. Rodes had at least one good faith alternative, namely, the Anchorage position.
 
 
 6
 The FAA's removal proposal did not render Mr. Rodes' resignation involuntary. A resignation is involuntary if obtained through agency coercion, duress, deception, or misinformation. Covington v. Department of Health & Human Servs., 750 F.2d 937, 942 (Fed.Cir.1984). The administrative judge found that Mr. Rodes could choose to accept the FAA's Anchorage offer, resign on disability, or undergo removal. He chose disability resignation. The FAA did not coerce, deceive, or misinform Mr. Rodes, but provided the widest range of options available under difficult circumstances.
 
 
 7
 The MSPB determined that Mr. Rodes' resignation was voluntary. This court must affirm the MSPB's decision unless arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (1988). The record discloses no basis to reverse the MSPB's decision. This court affirms.